Good morning, your honors. I'm Ann Bevington, representing the Appellant on Wood of Industry's Pension Trust Fund. Footnote 7 in the LaFren's opinion, that's why we're here. The issue in this case is how we apply the fraud control group provision in ERISA as construed by the owners of the withdrawing employer also owned income real property which they leased out for income and profit. The issue is whether or not that leasing activity is a trader business, and the parties agree that it's under the common control of the owners. So trader business is our issue. We have one Ninth Circuit case to provide guidance, and that case is Board of Trustees of the Western Conference of Teamsters Pension Trust Fund v. LaFren's. In the LaFren's case, we had owners of the withdrawing employer which was a premix, ready mix company called Lewiston Premix, also owned two Mack trucks which they leased out, and they leased them to their company, the premix company. It sounds like something integral to the business, closely associated with the business. It does sound like that, and that is certainly the distinction that has been drawn by the district courts and, of course, by the defendants in this case. However, reading the LaFren's opinion, the court made it very clear that that fact that the property was leased to the withdrawing employer was not material in the court's decision. The court says, well, LaFren's claim they didn't lease the trucks to their own company. The evidence shows that they did do so. However, we agree with the district court judge that there need not be any economic nexus between the two trades or businesses, and we therefore conclude that these two businesses were commonly controlled trades or businesses. I gather that in either instance, with regard to the trucks or with regard to the three residences here, you wouldn't be arguing that it was a trade or business if they only owned the truck or the house but didn't rent it out. Yes, that's correct. For example, I believe that the Van Tiles owned their own home. They lived in it. We wouldn't claim that that was a trade or business. So if they just had the one home and they rented it, that would be a business, in your view? If they had income property that they rented out, it would be a business, whether it was one or several, and whether it was they made $1,000 or more, in this case, closer to $21,000, I think it was. Yes, that's correct. I don't think the statute, which says all commonly owned trades or businesses are treated as a single. But then, what is reachable with regard to the withdrawal liability? Is it just the rents from the house? It's the assets of the business. And in this, the related business in this particular, I'm sorry for interrupting. It's offensive here. So here, the business is a proprietorship, just as it was in LaFrance. The LaFrances leased their trucks out in an unprotected form. They didn't have a company that did it. They just did it. They owned them. They rented them out. They were personally liable. Are the lease or the assets rather than the trucks? Well, it's whatever assets they have. A judgment can be entered against them personally and can be executed on whatever assets they have. If the tools, while the tractor business was operated, earned a salary, and they took some of that salary and invested it in an index fund account and made money thereby, would that be reachable? Well, it wouldn't be considered a related trade or business. If the index fund were part of their general assets and there were a judgment, a money judgment against them, then yes. It would be reachable as an asset against which you could execute a judgment against them. So the withdrawal liability is not limited to the trade or business? The withdrawal liability is limited to the entire control group. It depends on what the other trades or businesses, what form they take. This happens to be a proprietorship. It's in an unprotected form. In some cases, in this situation, it actually does arise somewhat frequently in withdrawal liability cases. The owners of your withdrawing employer also own income property. Sometimes they own it in an LLC, for example, or some other business form that they own. Their common ownership of that business brings it into the control group, but the form of the business dictates who is liable for it. So, for example, if it's an LLC, the LLC is liable, not the owners of the LLC. Let's take Judge Hawkins' hypo one step further, and I know you don't like going here based on your briefing, but just assume the BED-12s invested in stocks or 401K instead of purchasing these three properties. It sounds like they purchased these three properties for future retirement purposes. Could your client access the 401K or the stocks purchase? I would say no, without anything further, because what we're trying to distinguish is, is there any business activity? If they just purchased publicly held stocks, they just hold them and own them. That wouldn't constitute a trader business. It's the question we get down to whether there's an economic relationship between the, if we can use a broad term, like investment, and the tractor business itself. Is that the question we have? Well, we know there isn't an economic relationship other than common ownership. So in the absence of such an economic relationship, can withdrawal liabilities still tax? Correct. That is the question. And the district court properly noted that in LaFrenze, the Ninth Circuit laid down the rule that there doesn't have to be an economic relationship between the control group members. The statute says nothing like that. No, it says all commonly owned, all commonly controlled trades or businesses shall be treated as a single employer. Couldn't that, in fact, influence what you regard as a trader business? Well, that is what, that was the district court's analysis. That whether or not there is a economic relationship between the two activities. I don't necessarily agree. It seems to me that you're rising up from a fence or whatever it's called. It says no. But still, in terms of looking at the statute and saying what is a trader business, you might therefore insist on something more consequential than you would otherwise if there were an incorporation kind of rule. It's hard for me to see the reason why that would be the case. And in LaFrenze, the court did not, you know, made it clear that they were, that they were not relying on the economic relationship to find that this leasing business was within the control group. So I don't think the statute really, there shouldn't be a limitation read into the statute. Sort of by going through the back door and saying, well, yeah, we know there doesn't have to be any economic relationship. But we're going to consider the economic relationship when we consider whether an activity is a trader business or not, such as a. That's really my point. My point is that because there's no economic relationship required, therefore would trader business have to be something that was engaged in, say, some particular amount of time or some degree of profitability in order to avoid or in order to promote what appears to be the point here, which is that people should, that you ought to be able to reach the business interests of the people who are withdrawing. But this case just seems to be right on the margins in the sense that these ownership of the houses doesn't seem to be anything that somebody would, is producing income, but they seem to have reasons to applaud at least each of these houses that it wasn't really a business reason. Well, yes, and I think that raises some issues with applying a sort of analysis like the Grotzinger test, which the district court didn't use here. But I think that as long as people can invest in a lot of things, and you can't really make a complete distinction between investments and trades or businesses. People can invest in trades or businesses. This, as you point out, Judge Grazon, is kind of on the borderline in that people can invest in the property for the purpose of investing. You can hold property in the hopes that it will appreciate and you'll get a capital gain in the end. But then there's the additional feature of renting it out. Again, for purposes of income tax, this was supplemental income. That wasn't a capital investment, but it wasn't necessarily a trade or business. Is that right? It didn't have to be a trade or business for IRS income tax purposes. Well, for income tax purposes, it's treated like a trade or a business in which the taxpayer does not materially participate. Because, of course, you can have a trade or business that you own that you don't materially participate in. It's still a trade or business, even though you're just an owner of it. It looks like the district court credited eventuals, declarations and statements that the purpose for owning and leasing these properties was to make their charity a retirement and vacation. Right? Right, for owning the property. Right. So do we not put any – that seems significant. Well, it's significant in that they own the properties for investment purposes. They rent out the properties for income. The renting out is a trade or business, not the ownership of the properties. Just like in the Friends, if they just owned the trucks, that wouldn't be a trade. So renting it out, that's a trade or business. Do you think you win if we apply gross income? I think that if it's applied in the manner that's applied in the Seventh Circuit, probably not. I think there's a way to apply gross income so that we would win. But I think that the way that the courts have approached it in the Seventh Circuit, we would not. I think it's inappropriate to use the gross income test for trying to distinguish an investment from a trade or business because that's not what the test was developed for. But you said Connors and the D.C. Circuit. Do you think that was wrongly also decided? Well, Connors, as I recall, didn't involve property rental or leasing. Was that the coal company? Yeah, I think that's right. Yeah, it was a farm and a coal company. So that was a different situation. Okay, do you want to reserve some time? I would like to reserve my last minute. Thank you. Good morning. May it please the Court, John Bogg on behalf of the respondents, in this case the Ventules. I will ask you a question directly. If Grotzinger were to apply, whether it be the D.C. Circuit, the Seventh Circuit, or the newer case in 2015 from the Second Circuit also following Grotzinger, it would be a hands-down win for the respondents, Ventules. Why? Because you have to look at the main purpose of acquiring the property under that test, and it has to be the consistency and time spent in that. It simply doesn't need it. I would invite the Court, the Ninth Circuit, to review whether the Grotzinger test should apply now. There are three circuits applying it in this scenario versus the Ninth Circuit ruling previously in LaFrance, and there are no other circuits going a different direction. But even if the Grotzinger case doesn't apply, I believe that the pension trust completely mischaracterizes LaFrance, and your questions today hit it right on the head because you're right. An economic nexus is not required, but it's still a factor to determine whether it's a trade or business. I actually said the opposite. My proposition was the opposite. Well, I'm saying that... I don't see why it's a factor. It's not in the statute. LaFrance says it's not a factor. Why is it a factor? Okay, I believe it's a factor because the language of the statute says it has to be a trade or business, and the reason the court got to that it's a trade or business is because it was meeting the purpose of the legislation, which was trying to take a piece of property that was removed from the primary business and renting it back. A business covered by a multi-employer pension plan and also ran a McDonald's, clearly that would be a trade or business. If they were to own a McDonald's, absolutely. Even though it had absolutely nothing to do with the business they were running. Absolutely. That's why I say it's not the determining factor, because LaFrance case said that we look at it as essentially a factual inquiry. It could be that it's related. In other words, it releases back, therefore it meets the fractionalization purpose. It could be that it is a real trade or business that operates for profit under a separate name, advertising. It runs as a business. It's taxed as a business. I think you have a question. Yes. I'm wondering if, even if we take everything you're saying is true, does it create a question of material fact? Well, it does. In order to determine whether or not this was a trade or business. It absolutely does if there were a dispute of facts. But it doesn't because there is no dispute over the factual basis. Everybody agrees that the Ventoles bought the property for personal financial planning purposes. Nobody says otherwise. Everybody agrees that it's not related. Everybody agrees that it was not obtained for the purpose of profit. It was a way of maintaining the property until the time that they could use it as retirement. What different, what the issue was is the court in that scenario made those factual findings based on an undisputed record and then said, I believe that doesn't meet the test. What was the exact context in which Grosvenor was considering trade or business? Why did it matter in that case? Was it for the deductibility of business expenses? Oh, I think it mattered in that case because Grosvenor was trying to determine what the statute 29-1301b-1 meant by trade or business. I understand. What was the context? What I'm trying to understand is these people, the Ventoles, did treat this in their tax returns as supplemental income and deduct expenses, including travel expenses and so on, and report the income. But also, so was they treating it as a trade or business for tax purposes? No. Or were they treating it as? A passive investment. That's exactly what it's called in the tax code. That's what I believe they were treating it as. And then some of the cases say that a passive investment in and of itself is not enough. There's passive investment activity that's not a trade or business, that you're not actively engaging in a trade or business, but it is separate income that you're allowed by the tax code to take deductions as a passive investment. And there are limitations on that. I can't take all my deductions. I can only take those up to the amount of money I'm making. There's a reason for that treatment. But if we apply that rule, a tax rule, we should apply Grosvenor because Grosvenor said it's a tax rule you apply to this. There's a little bit of a problem there in terms of, say, passive investment tax purpose. They did market in their Schedule E on the tax forms and they profited from leasing the properties. And it seems a little inconsistent to profit from it if it's primarily for charity. What the stated purpose was that they purchased the home so that it could be used by the church for a youth center. There was no testimony that said that they did not intend to maintain it by accepting rents, but it was far below the market value, and that's why they did it, primarily for the charitable reason of providing a youth center, a free youth center. So that's certainly not a trade or a business, and that the home is still theirs. It's not the church's home or the youth center's home, but they had to have some offset of that in order to be able to do it, and that was paid through the rent. Is it possible or could you consider whether or not, you know, some of the real property constituted trade or business, but some of it didn't? Is that a possible future? Under the trust, under the appellant's theory, no. Now, is there anything in the statute stopping the Ninth Circuit from saying we believe that there has to be some segregation of what pieces we think are or are not? The statute does not provide for such a thing. In fact, the statute... The question, as I understand it, is we have three houses here. One of them, they say they bought in order to allow the church to use it and they were charging under market value, and we say that's not a trade or business. There was another that they said they bought for vacation purposes, but that they traded on their tax return as being a rental property because they couldn't... which they represented Indians for more than, what, 14 days or whatever. Maybe that's a trade or business. And the third one is something they bought. I didn't understand what it meant by saying they bought it for retirement purposes. They rented it for 30 years to somebody. So one might think that the first one was not a trade or business,  I would say that there is no specific permission to do so in the statute, nor is there an opposite. The question is whether it matters what the purpose is. And if you say the purpose of the first one was charitable, the purpose of the second one was vacation housing, though they sometimes rented it out, and the purpose of the third one was to make money, then you might say, well, the third one was a trade or business. I would agree. But the pension fund's position has been all along that if any of them qualifies a trade or business, it opens up all the assets of the Vantools. I was somewhat surprised to hear that, but I understand. And I think it's very important to point out that the question of the stocks, for example, if they owned index, if the Vantools every day sat down at their computer and were trading the stocks within this index and making money on it for their retirement, is that now a business? Because they're actively doing something to make money on stocks being held. The problem with it is it's this slippery slope. Where do you draw the line? Okay, where do you? What's your definition? You have to go back. If you don't use Schrodinger, you have to go back to the LaFrance decision, and the judge at the district court level has to make a factual inquiry, not based on a single factor, but all of the factors. What are the factors? The factors are, is it related? Because if it's related, triggers. I want to flush that one in. Okay. Let's flush that one in. What are the factors? The other factors are the purpose of obtaining the property in the first place. Was there significant time spent in doing so, so it looked like it was being held for the purpose of retirement or for personal investment versus an ongoing business? Like, for example, an apartment complex, and you own 300 of them. But I'm also assuming from all of those, and I understand that your opponent is as well, that buying and keeping the house is not a trader business. It's only because it's being rented. It's only the lease that we're talking about. The pension fund is taking the position that the mere fact that they lease it out instead of letting it sit there and rot for 20 years is what makes it a trader business. I disagree, because it's no different than having a stock investment and doing it or sitting in your home every day and making paintings and putting them in front of your house and selling them because you like the paint. There's no difference. You can't draw a distinction legally, so you have to go back to the purpose of the statute. The purpose of the statute was to stop fractionalization, to stop a company from putting the assets in one, operating under another, withdrawing and going bankrupt or not being able to pay, and then protecting those assets, even though they were somehow also another business. That purpose is not met by taking the private residential properties of mom and pop, Van Toole, and effectively wiping out their entire wealth for their retirement all at once simply because they had a rental home. That's what I believe the purpose of the statute is not met, and the statute was never meant to do that. And interpreting it just on the black and white face of trade or business, you have to look at it. Does it smell and look like a business? That's what the lower court did. The lower court took the undisputed facts and said, this doesn't look or smell like a business. The way we do law, usually we have some standards, and that's what I'm trying to say. Well, that's why Grotzinger's good, but then the circuit doesn't follow Grotzinger because I think Grotzinger does set forth a good standard, and that's why I think three other circuits have followed that. And the standard, tell me what that standard is. The standard is you look to see whether it was operated for the primary purpose of business and obtained for that purpose, and whether there was significant time spent on an ongoing, continuing basis. Significant time spent, and that's why looking at those cases, when those courts had applied those cases, not a single case ever has ever held that private rental property that's not related to the other business is ever a trade or business. Not a single case has ever found that. Any case that was examined that has found the opposite, that it's not a trade or business. Every single one. We said this in the lower court. We'll say it again. Not a single case has ever. I suppose they don't do it. Toronto's the new farm is the newer. I don't know how many were actually just people's houses. Okay, but even in the case where they, my point is when it's not related, and it is this type of holding of an investment property, there's never been a holding that in any way, shape, or form finds it to be a trade or a business, whether you apply Grotzinger or not. Any other questions? Thank you. I have one minute. So Grotzinger, the context of it was that the Supreme Court was trying to determine whether the taxpayer's gambling activities were a trade or business. Were his gambling losses business deductions, or was this just a hobby or entertainment? Two-part test, was the primary purpose for income or profit? Did he engage in the gambling activity on a continuous and regular basis? That's the two-pronged test of Grotzinger. The context in which it was developed, the purpose from which it was developed, the case was expressly limited to that purpose, and importing it into the issue of whether there's a trade or business under And has resulted in some decisions that I think had that, in the Seventh Circuit, that I think had Grotzinger not been applied, would have come down to gambling. Can we disaggregate some of the real property from the other? Well, yes. And the trust fund has always taken the position that all three of them met, were trades or businesses because they were rented out for income. It is certainly possible for the district court to have found and for this court to find reviewing de novo that, you know, it would be possible to disaggregate them. As far as the purpose of the statute, the fractionalization purpose is a purpose, probably the primary purpose of the single employer rule. However, that purpose is effectuated by the statute that has much broader language, and it does not distinguish between trades or businesses that are fractionalized or not fractionalized. So the way that Congress decided to effectuate its purpose was with a statute that says all commonly controlled trades or businesses are treated as a single employer. There's no. I'm just wondering if you had a family that was living someplace and to the sabbatical year went somewhere else and rented out their house. Does that count? It's hard to answer that question off the top of my head. I would say if it was for an entire year and then it was over and they never did it again, probably not a trade or business. The same way I know someone who used to live down the street from me, rented out their home to a movie company for a month. No, that wouldn't be a trade or business. So I think there is a reason to look at the continuity of the activity and the length of time. When the court. I'm going to ask the same thing that I asked your opponent and then you're finished. But give me a standard. What is the standard? The standard is whether the activity meets the ordinary definition of a business. Yes, but. But what if. Speculate factors or standards or something that helps us answer these questions. And neither of you is being very helpful in answering this one. Because we have. You're saying what it is, which is the integration with the original business. But aside from that, what is it? Yeah, well, the guidance that we have is LaFrance, which says, we look at the facts, here they rented it out, that's plainly trade or business. There isn't really a factor identified in the case. And I think. Of course, there is a difference there, because what they had was a truck. A truck that is ordinarily used in business, not used right around town. Well, I think the standard is that if you're engaged in activity, where you're providing goods or services in exchange for money, that's a business. Okay, thank you both very much. Thank you.
judges: Hawkins, Berzon, Murguia